IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT GLENNA,

                    Plaintiff,

        v.                                                      OPINION and ORDER

KILOLO KIJAKAZI,                                                22-cv-274-jdp
Acting Commissioner of Social Security,

                    Defendant.

Plaintiff Scott Glenna seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding Glenna not disabled within the meaning of the Social Security Act.

Glenna raises a single issue. He contends that the administrative law judge (ALJ), Ahavaha Pyrtel, relied on job number estimates from a vocational expert that were not calculated with reliable methods. Glenna forfeited his challenge to the vocational expert's methodology by failing to object to the expert's estimates at the hearing. The ALJ was entitled to accept the vocational expert's uncontradicted testimony, so the court will affirm the ALJ's decision.

BACKGROUND

Glenna sought disability benefits and supplemental security income benefits based on physical and mental impairments, alleging disability beginning March 2019. R. 14.[1] Glenna's

---

[1] Record cites are to the administrative transcript located at Dkt. 8.

claim was denied initially and on reconsideration, and Glenna requested a hearing before an ALJ.

In a written decision, ALJ Ahavaha Pyrtel found that Glenna had severe impairments of congenital heart disease, degenerative disc disease, other and unspecified arthropathies, gastrointestinal disorder, depression, anxiety, and posttraumatic stress disorder. R. 17. The ALJ determined that Glenna did not meet the criteria for any listed disability. R. 17–18. The ALJ ascribed to Glenna the residual functional capacity (RFC) to perform sedentary work with some additional restrictions to address Glenna's physical and mental limitations. R. 20. Relying on the testimony of a vocational expert, the ALJ concluded that Glenna could perform a significant number of jobs available in the national economy, including as a compact assembler, document preparer, and machine tender. R. 28. The court will discuss the vocational expert's testimony in greater detail in the analysis section of the opinion.

The Appeals Council denied review, R. 1, so the ALJ's decision became the final decision of the commissioner. On appeal, this court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Glenna contends that the commissioner's decision was not based on substantial evidence because the vocational expert's job number estimates were not the product of a reliable methodology. The agency has the burden at step five to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations. *Ruenger v. Kijakazi*, 23 F.4th 760, 761 (7th Cir. 2022). An ALJ may rely on the testimony of a vocational expert to make this showing, but the vocational expert's estimates "must be supported with evidence sufficient to provide some modicum of confidence in its reliability." *Chavez v. Berryhill*, 895 F.3d 962, 969 (7th Cir. 2018).

Glenna forfeited his challenge to the vocational expert's methodology by failing to object to it at the hearing before the ALJ. A claimant must object to the vocational expert's estimates or otherwise indicate that her methodology is unreliable during the hearing to preserve the issue on appeal. *Fetting v. Kijakazi*, 62 F.4th 332, 337 (7th Cir. 2023). Glenna was represented by counsel at the administrative level. But Glenna did not object to the vocational expert's methodology during the hearing. Nor did he file a post-hearing brief on the issue. Glenna's omission "effectively conceded the reliability of the vocational expert's job numbers." *Coyier v. Saul*, 860 F. App'x 426, 428 (7th Cir. 2021). Under those circumstances, the ALJ was entitled to accept the vocational expert's unchallenged estimates. *See Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion").

Glenna resists this conclusion and provides two arguments why he preserved his argument: (1) the vocational expert's statements during cross-examination called the reliability

3

of her testimony into question; and (2) claimants do not forfeit arguments by failing to raise them at the administrative level. Neither argument is persuasive.

### 1.  Vocational expert's statements during cross examination

Glenna contends that the vocational expert's testimony on cross examination revealed flaws in her testimony that, at a minimum, should have prompted the ALJ to inquire further into the expert's methodology. If a claimant challenges an expert's job number estimates, the ALJ has a duty to make a further inquiry into the expert's methodology to ensure it is reliable. *Ruenger*, 23 F.4th at 764. But to preserve a challenge to the vocational expert's methodology on appeal, the claimant must object to the expert's testimony on that point at the hearing. *Fetting*, 62 F.4th at 338. "[A] claimant must do more than make a general objection or vaguely ask the VE about [her] methodology." *Id.* If the plaintiff does not identify any problems with the vocational expert's methodology, the ALJ is entitled to accept her estimates so long as her testimony was not "facially implausible or incoherent." *Leisgang v. Kijakazi*, 2023 WL 4188500, at *3 (7th Cir. June 26, 2023).

Glenna's cross examination at the hearing was not specific enough to flag problems with the vocational expert's estimates. Glenna asked the vocational expert only two questions directly related to her methodology. First, Glenna asked the vocational expert to explain how she calculated her job number estimates. In response, the vocational expert explained:

> I use Occupational Employment Quarterly and compare it to the Department of Labor Wage and Ma[n]agement for general names of jobs. And then if I have to calculate in a particular restriction, I do that, if I can. In other words, if there's five DOT numbers and they're all pretty common jobs I can use divided by five. If they are not, then I hesitate to give a number.

R. 63. Glenna then asked the vocational expert how she determined whether a job was "pretty common," to which the expert answered, "By whether or not it's a job that's pretty common

4

for job placement which is what I do." *Id.* Glenna didn't ask any questions that interrogated the reliability of the vocational expert's methodology. The expert's explanation was somewhat cursory. But the explanation was coherent and understandable, so the ALJ was entitled to accept it when it went unchallenged.

Glenna argues that the vocational expert's testimony that she used the "equal distribution method" is enough to preserve his challenge to her methodology in this court. The parties agree that the vocational expert described a variation of the equal distribution method, which the court of appeals has repeatedly criticized. *See Chavez*, 895 F.3d at 969. As support, Glenna cites this court's decision in *Courtney v. Berryhill*, 385 F. Supp. 3d 761, 765 (W.D. Wis. 2018), where the court concluded that the claimant preserved his reliability argument because the expert's testimony that she used the equal distribution method was enough to show that her estimates were problematic. In deciding *Courtney*, this court looked to *Overman v. Astrue*, 546 F.3d 456 (7th Cir. 2008), which held that claimants need not lodge a formal objection if cross examination reveals a conflict between the vocational expert's testimony and Dictionary of Occupational Titles.

The Seventh Circuit's recent decision in *Leisgang v. Kijakazi*, 2023 WL 4188500, at *3 (7th Cir. June 26, 2023), makes clear that in the context of challenging an expert's methodology—as opposed to challenging the expert's testimony as inconsistent with the DOT—merely eliciting testimony that a vocational expert used the equal distribution method is not enough. In *Leisgang*, the court concluded that the ALJ was entitled to rely on estimates produced using the equal distribution method because the plaintiff did not object or otherwise argue that using the method was inappropriate. *Id.* The court reasoned that although the equal distribution method was flawed, the ALJ could still put "some modicum of confidence" in the

vocational expert's testimony in the absence of an objection. *See id*. (quoting *Chavez*, 895 F.3d at 969). Like the plaintiff in *Leisgang*, Glenna did not object to the use of the equal distribution method. He asked only general questions about the vocational expert's methodology, and neither his questions nor the vocational expert's responses suggested that her estimates were problematic. Glenna forfeited his argument on this issue.

Glenna identifies other purported issues with the vocational expert's testimony at the hearing: specifically, the vocational expert testified that she had just started placing people in jobs again after taking a 14 month break during the COVID-19 pandemic, R. 63, and that she did not have experience estimating national job numbers because she's "not a statistician" and instead "look[s] them up," R. 64. Neither of those statements indicate problems with the vocational expert's methodology. Glenna does not explain why the expert's brief break from job placement is relevant to the method she used to calculate her estimates. As for the vocational expert's lack of experience estimating national job numbers, the expert clearly meant that she pulled her initial numbers from other sources, such as the Occupational Employment Quarterly, rather than conducting her own survey. If Glenna believed that these statements revealed issues with the expert's estimates, he should have raised those concerns at the hearing.

## 2.  Forfeiture of arguments in disability proceedings

Second, Glenna contends that doctrines of forfeiture and waiver do not apply in disability proceedings. Glenna did not make this argument in his opening brief, so this argument is itself forfeited. *See United States v. Cruse*, 805 F.3d 795, 818 n.7 (7th Cir. 2015). But the argument also fails on the merits. Glenna relies on a recent Supreme Court case, *Carr v. Saul*, 141 S. Ct. 1352 (2021), which held that claimants did not waive certain constitutional challenges in Social Security cases by failing to raise them to an ALJ. The Seventh Circuit

addressed this precise argument in *Fetting v. Kijakazi*, 62 F.4th 332, 338 (7th Cir. 2023), and concluded that the argument had no merit. The Supreme Court was clear in *Carr* that its decision was limited to the specific context of challenges brought under the appointment clause, so its holding does not extend to routine objections in individual benefits determinations. *Fetting*, 62 F.4th at 338. *Carr* does not entitle Glenna to remand.

## CONCLUSION

"A claimant who fails to object at the hearing forfeits any challenge to the VE's testimony." *Fetting*, 62 F.4th at 338. Glenna did not object to the vocational expert's methodology at the hearing, so "[he] cannot start questioning the VE's estimates now." *Leisgang*, 2023 WL 4188500, at *3. Glenna raises no other challenges to the ALJ's decision, so the court will affirm it.

## ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered July 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge